UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>D. DAVEY, Warden, et al.,<br><br>　　　　Respondents. | Case No.: 1:16-cv-00375-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

In this action, Petitioner fails to demonstrate he exhausted his claims in the California Supreme Court.  However, the Court is certain whether he has filed to exhaust or he merely failed to adequately plead exhaustion.  Thus, the Court will order Petitioner to file an amended petition.

**I.　　PROCEDURAL HISTORY**

　　A.　　Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

1

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

  B. Exhaustion of Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme Court.  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Though Petitioner has alleged that he has presented some of the claims raised in the petition to the Kings County Superior Court and the Monterey County Superior Court, he does not allege that he has presented these issues to the California Supreme Court.  Thus, absent this showing, the petition appears to be entirely unexhausted.  The Court will permit Petitioner to file an amended petition.  However, in his amended petition, Petitioner must provide the **specific** information regarding the claims he has raised in the California Supreme Court, if any, and when those claims were denied, and provide copies of the Supreme Court's orders denying those claims.

### C.   Failure to State A Cognizable Federal Habeas Claim

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.").

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner raises several claims that appear to challenge prison conditions rather than his conviction and sentence. For example, Petitioner contends that Respondent has failed to provide adequate heated water for showers, has allowed faulty lighting systems to operate in the prison, and has either misplaced or allowed other inmates to confiscate seven boxes of his personal effects, including a television, a radio, and other items. **These claims challenge only prison conditions and cannot be raised in the context of a federal habeas petition**. Accordingly, if Petitioner chooses to

file an amended petition, he should include **only** claims that directly challenge his conviction and sentence.  The Court will dismiss claims that challenge only prison conditions for lack of jurisdiction.

Petitioner also appears to challenge the results of a prison disciplinary proceeding, over which this Court would have habeas jurisdiction if the sanctions imposed by that disciplinary finding resulted in, or were likely to result in, a lengthening of Petitioner's sentence.  However, the hand-written petition is virtually illegible and the Court cannot decipher what Petitioner has written.  Because the petition is virtually illegible, the Court will require that Petitioner file an amended petition which simply and clearly states any cognizable **federal habeas claims**, not claims about prison conditions, in a **simple, neat, and legible** fashion so the Court may review those claims.

Petitioner is admonished that any cognizable habeas claims in the amended petition must be accompanied by proof that the claims have already been presented to the California Supreme Court.  If the claims are unexhausted, the Court will recommend that they be dismissed. Accordingly, the Court ORDERS:

1. The petition for writ of habeas corpus is **DISMISSED**.  Petitioner is **GRANTED** 30 days to file a first amended petition that complies with this order;
2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this order may result in the Court recommending that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **March 23, 2016**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE