UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN DUKES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>D. DAVEY, Warden, et al.,<br><br>　　　　Respondents. | Case No.: 1:16-cv-00375-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO OBEY THE COURT'S ORDERS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

On March 23, 2016, the Court ordered Petitioner to file an amended petition within thirty days explaining his efforts to exhaust his claims and withdrawing those claims that challenged only conditions of confinement. (Doc. 4). On May 20, 2016, the Court issued an Order to Show Cause why the petition should not be dismissed for failure to obey the Court's orders. (Doc. 5). That order gave Petitioner thirty days within which to respond or face a recommendation that the petition be dismissed. More than thirty days has elapsed, yet Petitioner has not responded to the May 20, 2016 Order to Show Cause. Indeed, it appears that Petitioner refused service of the Order to Show Cause as one of the docket entries indicates that the order was returned as "undeliverable, inmate refused."

I.   **DISCUSSION**

　　A.   Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

1

exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Although Petitioner has alleged that he has presented some of the claims in the instant petition to, variously, the Kings County Superior Court and the Monterrey County Superior Court, he does not allege anywhere that he has presented these issues to the California Supreme Court. Thus, the petition appears to be entirely unexhausted. Petitioner has been afforded two opportunities to provide the Court with evidence that he has exhausted any of his claims, but he has failed to respond. Accordingly, the Court can conclude that none of the claims are exhausted. As mentioned previously, the Court cannot entertain a petition that is entirely unexhausted. Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

B. Failure to Obey the Court's Orders

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or

with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate…dismissal of a case. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson, 779 F.2d at 1423; Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-1261; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-1424.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since March 17, 2016. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order to show

cause dated May 20, 2016, expressly stated: "Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110." (Doc. 5, p. 2). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

## ORDER

Accordingly, the Clerk of the Court is **DIRECTED** to assign a United States District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that the instant petition for writ of habeas corpus (Doc. 1), be **DISMISSED** for failure to obey the Court's orders and lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 21, 2016**          **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE